**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

BRANDON JOHNSON,                    )
# K-92784,                          )
                                    )
Petitioner,                         )
                                    )
    vs.                             )          Case No. 17-cv-273-DRH
                                    )
KAREN JAIMET,                       )
                                    )
Respondent.                         )

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Brandon Johnson, a state prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2009 conviction for aggravated battery of a child in Madison County, Illinois, Case No. 07-CF-211. Petitioner is serving a 29-year sentence imposed after a jury trial. (Doc. 1, pp. 1-2). In the instant Petition, he raises grounds including ineffective assistance of counsel, misstatement of the law by the prosecutor in closing argument, and prejudicial remarks by the trial court during sentencing.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Because this Petition was filed well beyond the applicable 1-year time limit for filing a § 2254 habeas action, it shall be dismissed pursuant to Rule 4.

**The Petition**

Following his conviction, Petitioner took a direct appeal, raising arguments that African-

Americans were improperly excused from the jury, the prosecutor improperly shifted the burden of proof during closing argument, and the State failed to prove the required mental state to support the conviction. (Doc. 1-1, pp. 2-16). On November 9, 2010, the Illinois Appellate Court, Fifth District, affirmed Petitioner's conviction. (Doc. 1, p. 2; Doc. 1-1, pp. 1-16). Petitioner did not seek leave to appeal from the Illinois Supreme Court, nor did he file a petition for *certiorari* review with the United States Supreme Court. (Doc. 1, p. 3).

On April 9, 2012, he filed a petition in the trial court for post-conviction relief, on the grounds that his trial and appellate counsel provided ineffective assistance, and raising other issues. (Doc. 1, pp. 3-4). The trial court's order denying the post-conviction petition on October 22, 2013, is attached as an exhibit. (Doc. 1-1, pp. 17-18). Petitioner appealed the trial court's denial, but the Illinois Appellate Court affirmed the trial court's ruling on September 7, 2016.[1] (Doc. 1, p. 9; Doc. 1-1, pp. 27-28). On January 25, 2017, the Illinois Supreme Court denied the petition for leave to appeal from the appellate court's decision on that post-conviction matter. (Doc. 1, p. 7; Doc. 1-1, p. 29 (referencing Appellate Case No. 5-13-0554)).

Petitioner made several other attempts in the trial court and on appeal to challenge his conviction, all of which were unsuccessful. On June 5, 2014, he filed a petition for relief from judgment under 735 ILCS 5/2-1401, which was dismissed as untimely on March 25, 2015. (Doc. 1, pp. 4, 10; Doc. 1-1, pp. 19-22). Petitioner appealed that dismissal, but the appeal was ultimately dismissed on February 22, 2017. (*See* Doc. 1-1, p. 30).

On April 6, 2015, he filed a motion in the trial court for leave to file a successive post-conviction petition; it was denied on April 15, 2015. (Doc. 1, p. 5; Doc. 1-1, pp. 23-26; 30). Petitioner appealed, and the appeal of that matter was consolidated with his appeal from the

---

[1] The Opinion of the Illinois Appellate Court affirming the dismissal of the post-conviction petition may be found on the website of the Illinois Courts, under Case No. 5-13-0554: Http://www.illinoiscourts.gov/Opinions/AppellateCourt/2016/5thDistrict/default.asp.

March 25, 2015, dismissal of the 2-1401 petition. (Doc. 1, pp. 5-6; *See* Doc. 1-1, p. 30). The consolidated appeal (Appellate Case No. 5-15-0127) was dismissed on February 22, 2017, after Petitioner requested dismissal on the advice of counsel. (Doc. 1, pp. 6, 11; *See* Doc. 1-1, p. 30).

Next, on February 23, 2017, Petitioner filed another request for leave to file a successive post-conviction petition. (Doc. 1-1, pp. 30-33). On March 1, 2017, the trial court denied that petition. *Id.*

The instant Petition was submitted for filing on March 12, 2017 (Doc. 1, p. 18).

## Discussion

Before considering the merits of the instant Petition, the Court must first determine whether the application for habeas corpus relief is timely. Under 28 U.S.C. § 2244(d)(1), a petitioner has a 1-year period in which to file an application for a writ of habeas corpus. That time limitation begins to run on the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

With reference to the 1-year time limit, Petitioner does not set forth any facts or arguments suggesting that subsections (B), (C), or (D) apply in his case. Therefore, the key issue in his case, under subsection (A) of § 2244(d)(1), is the determination of the date on which his judgment became final.

As noted above, Petitioner filed a direct appeal of his April 15, 2009, judgment of conviction. The Illinois Appellate Court, in Case No. 5-09-0661, issued its unpublished Rule 23 order on November 9, 2010,[2] affirming the trial court's judgment of conviction. (Doc. 1-1, pp. 1-16). Petitioner did not seek further review by filing a petition for leave to appeal to the Illinois Supreme Court. (Doc. 1, p. 3). Under Illinois Supreme Court Rule 315(b), a party seeking leave to appeal must file the petition for leave to appeal in the Illinois Supreme Court within 35 days after the entry of the Appellate Court's order. *See also* Ill. Sup. Ct. R. 612(b). If a state prisoner does not seek review in the State's highest court, then the judgment of conviction becomes "final" for purposes of §2244(d)(1)(A) when the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149-154 (2012) (Supreme Court looks to state-court filing deadlines when a state-court appeal is not taken; in such a case, judgment becomes final at the expiration of the time for seeking state court review).

In Petitioner's case, under the authority above, his judgment of conviction became final 35 days after the Illinois Appellate Court's order of November 9, 2010. The end of those 35 days fell on December 14, 2010. Therefore, Petitioner's 1-year statute of limitations under § 2244(d)(1)(A) began to run on December 14, 2010. In order to bring a timely habeas corpus petition pursuant to § 2254, Petitioner would have had to file the action by December 14, 2011.

---

[2] Some of the trial court's orders on the post-conviction matters (which are included in the exhibits) incorrectly state that the Illinois Appellate Court decided Petitioner's direct appeal on November 9, *2011* (rather than 2010). (Doc. 1-1, pp. 19, 23, 30). However, the Illinois Appellate Court's order is also included, and clearly states that it was in fact issued on November 9, *2010*. (Doc. 1-1, pp. 1-2). The instant Petition reflects the correct 2010 date as well. (Doc. 1, p. 2).

*See* FED. R. CIV. P. 6(a); *Newell v. Hanks,* 283 F.3d 827, 833 (7th Cir. 2002) (applying "anniversary method" of calculating limitations period).

Petitioner did not file his § 2254 petition within that time frame.  Nor did he file any other action in the state court in the year that elapsed after December 14, 2010, which might have extended his window for filing a federal habeas case.  As noted in 28 U.S.C. § 2244(d)(2), a properly filed application for State collateral review will toll, or "stop the clock" on the running of the 1-year time limitation for filing a federal § 2254 action.  This provision does not help Petitioner, however, because he did not file his first State petition for post-conviction relief until April 9, 2012 – almost 4 months after the expiration of his 1-year deadline on December 14, 2011.  Once the 1-year time limit for seeking habeas relief has expired, a later-filed collateral attack cannot "toll" the intervening lapse of time to allow for another chance to file a habeas petition.  In other words, such a collateral attack does not "re-start the clock."  *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant"); *see also Tate v. Pierson*, 52 F. App'x 302, 303 (7th Cir. 2002) (citing *Fernandez v. Sternes*, 227 F.3d 977, 979 (7th Cir. 2000)).  Thus, neither the April 9, 2012, post-conviction action, nor any of Petitioner's subsequent collateral attacks on his conviction, had any tolling effect on the 1-year time limit for filing a federal habeas petition, which had already expired on December 14, 2011.

For these reasons, the instant habeas Petition was not timely filed within the 1-year deadline established by 28 U.S.C. § 2244(d)(1)(A).  This action shall therefore be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.

### Certificate of Appealability

Should Petitioner desire to appeal this Court's ruling dismissing his Petition for a writ of

habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that the Petition was not timely filed, and therefore Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

Accordingly, the Court **SHALL NOT ISSUE** a certificate of appealability.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

All pending motions are **DENIED AS MOOT.**

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R.

APP. P. 24(a)(1)(C).  If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated: May 23, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.05.23 16:25:50 -05'00'

**United States District Judge**

7